ORIGINAL



FILED

08/23/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0432

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0432

JERRY JOE HENDERSON,

Petitioner,

v.

JIM SALMONSEN, Warden,
MONTANA STATE PRISON,

Respondent.

FILED

AUG 2 3 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Jerry Joe Henderson has filed a petition for a writ of habeas corpus, requesting correction of his sentence. He explains that all but the first five years of his sentence to the Department of Corrections should be suspended, pursuant to § 46-18-201(3)(a)(iv)(A),[1] MCA. He adds that he was convicted under § 45-5-502, MCA, not § 45-5-503(4), MCA. Henderson also requests the assistance of counsel.

In July 2019, the Gallatin County District Court sentenced Henderson to the Montana State Prison for thirty years with fifteen years suspended for sexual assault after this Court remanded the matter upon the State's concession concerning Henderson's plea to a sexual offense. *See State v. Henderson*, No. DA 17-0593, Order (Mont. Jan. 22, 2019).

Henderson is mistaken. The District Court never committed him to the Department of Corrections. The part of this statute, § 46-18-201(3)(a)(iv)(A), MCA, does not apply to him. Section 46-18-201(3)(a)(iii), MCA, applies to Henderson here. The applicable statute provides that a District Court may sentence an offender to a "term of incarceration, as provided in Title 45 for the offense, at a county detention center or at a state prison to be designated by the department of corrections[.]" Section 46-18-201(3)(a)(iii), MCA (2011).

---

[1] Henderson incorrectly cites to § 46-18-201(3)(a)(iv)(B), MCA, that concerns a youth transferred to a District Court for adjudication.

While the Department of Corrections may decide the placement, the court imposes a prison sentence under Montana law. Here, the offense of sexual assault has a punishment of anywhere between four to 100 years in prison, pursuant to § 45-5-502(3), MCA, when the victim is younger than 16 years of age and the offender is older by three or more years. Henderson received a fifteen-year prison sentence that is valid under the statutes.

Henderson has not demonstrated illegal incarceration. Section 46-22-101(1), MCA. He has also not shown that he has a facially invalid sentence. Henderson is not entitled to any correction of his sentence. Therefore,

IT IS ORDERED that Henderson's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

IT IS FURTHER ORDERED that Henderson's request for assistance of counsel is DENIED, as moot.

The Clerk is directed to provide a copy of this Order to counsel of record and to Jerry Joe Henderson personally.

DATED this ⎯23ʳᵈ⎯ day of August, 2022.

_____
Chief Justice

_____

_____

_____
Justices

2